PLANNED PARENTHOOD FEDERATION OF AMERICA, Planned Parenthood of the Rocky Mountains, Planned Parenthood Association of Utah, Boulder Valley Women's Health Center, Marilyn Foelski, M.D., Philip Freedman, M.D., and Kirtly Jones, M.D., Plaintiffs–Appellees,

v.

Louis SULLIVAN, M.D., individually and in his capacity as Secretary of the United States Department of Health and Human Services, Defendant–Appellant.

No. 88–2251.

United States Court of Appeals, Tenth Circuit.

Aug. 5, 1991.

Roger K. Evans, Dara Klassel, Eve W. Paul, Carole I. Chervin, Planned Parenthood Federation of America, Inc., New York City, and Edwin S. Kahn and James W. Hubbell of Kelly, Haglund, Garnsey and Kahn, Denver, Colo., for plaintiffs-appellees.

Michael Jay Singer and Alfred Mollin, Attys., Civ. Div., Appellate Staff, Dept. of Justice, Washington, D.C., for defendant-appellant.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

OPINION ON REMAND

LOGAN, Circuit Judge.

This matter is before us on remand from the United States Supreme Court, which granted certiorari and remanded —— U.S. ——, 111 S.Ct. 2252, 114 L.Ed.2d 706 for our reconsideration in light of *Rust v. Sullivan*, 500 U.S. ——, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991).[1] Our opinion is reported as *Planned Parenthood Federation of America v. Sullivan*, 913 F.2d 1492 (10th Cir.1990). Over Judge Baldock's dissent, we found that the 1988 amendments to the regulations under Title X of the Public Health Service Act, 42 U.S.C. §§ 300 to 300a–6, *see* 53 Fed.Reg. 2922, 2943–46 (1988), *codified at* 42 C.F.R. §§ 59.2, 59.5, 59.7–59.10, were invalid, principally on constitutional grounds. The Supreme Court, considering a decision of the Second Circuit, upheld the 1988 amendments to the regulations as permissible under the congressional act and as not violating any constitutional rights of the patients, the organizations receiving funds, or its staff physicians.

Plaintiffs have filed briefs after the remand arguing that *Rust* did not consider certain issues that should lead us to hold that portions of the regulations are invalid on statutory or constitutional grounds. They argue that although the Supreme Court ruled in *Rust* that the regulations did not contravene the Title X statute the Court did not specifically consider their conflict with the nondiscrimination provi-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

sions of the statute, a ground on which our panel opinion invalidated 42 C.F.R. § 59.9, nor the effect of the regulations on the Title X grantees use of matching funds in excess of the ten percent contemplated by statute. Plaintiffs also argue that the regulation's separation standards in § 59.9 are unconstitutionally vague for various reasons. They argue that § 59.10 violates the statute and the First Amendment in that by excluding one viewpoint of advocacy speech the regulation necessarily allows the opposite viewpoint (*inclusio unius est exclusio alterius*), citing their perception of its effects on libraries and education centers maintained by Title X grantees which contain books with factual information about abortion. We have considered these arguments and are convinced that they were necessarily considered by the Supreme Court when in *Rust* it upheld the regulations in their entirety as not violating either the Title X statute or the constitution. The effect of *Rust* was to overrule our holding to the contrary.

We have vacated our earlier judgment. We now conclude that the Supreme Court's action in *Rust* requires that the judgment of the United States District Court for the District of Colorado granting a permanent injunction against the implementation of the challenged amendments to the regulations be reversed. The cause is remanded to the United States District Court for the District of Colorado for further proceedings in accordance with the opinion of this court and of the United States Supreme Court in *Rust*.

IT IS SO ORDERED.